# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

LEODAN VASQUEZ,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

No. C 14-3015-MWB
(No. CR 07-3039-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION AS UNTIMELY**

_____

On March 13, 2014, petitioner Leodan Vasquez filed his *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 2). In his § 2255 Motion, Vasquez seeks relief from his February 21, 2008, conviction by a jury of one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine mixture and one count of possession with intent to distribute and aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine mixture containing 5 grams or more of actual (pure) methamphetamine, *see* Verdict Form (Crim. docket no. 79),[1] and his July 3, 2008, sentence (based on various enhancements) to 320 months of imprisonment. Sentencing Hearing Minutes (Crim. docket no. 97); Judgment (Crim. docket no. 98) (filed July 4, 2008). Vasquez appealed his sentence on July 10, 2008, but

---

[1] The Superseding Indictment (Crim. docket no. 18) identifies the "conspiracy" charge as a violation of 21 U.S.C. § 846, and the "possession with intent" charge as a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

the Eighth Circuit Court of Appeals affirmed his sentence on January 21, 2009, *see* Opinion (Crim. docket no. 173), and its Mandate (Crim. docket no. 178) issued on March 5, 2009. Vasquez did not file a petition for writ of certiorari by his April 21, 2009, deadline to do so.

On January 14, 2014, Vasquez filed in his underlying criminal case a Motion For Relief From Final Judgment Pursuant To Fed. R. Crim. P. 60(b)(6) (Crim. docket no. 197), in which he requested leave of court to file a Motion To Vacate Sentence And Judgment Pursuant To 28 U.S.C. § 2255 and to consider such a motion timely. In an Order (Crim. docket no. 198), filed January 16, 2014, however, I denied Vasquez's motion for leave to file a § 2255 motion, explaining that only if and when Vasquez filed a § 2255 Motion would I consider and rule on its timeliness. Approximately three months later, on March 13, 2014, Vasquez filed the § 2255 Motion now before me. In his § 2255 Motion, Vasquez asserts the following grounds for relief: (1) equitable tolling of the statute of limitations for his § 2255 Motion; and (2) ineffective assistance of trial counsel for not explaining the facts of entering a guilty plea to him where he how asserts that he would have pleaded guilty instead of taking the case to trial. Vasquez bases his "equitable tolling" claim on his prolonged period of incarceration in the Special Housing Unit (SHU), for his own protection from Mexican prison gangs, which he contends allowed him no access to legal resources, and his subsequent inability to find a bilingual inmate to help him file his § 2255 Motion in English or to obtain the required forms in Spanish.

By Order (Civ. docket no. 3), filed March 14, 2014, I granted Vasquez's application to proceed *in forma pauperis* and directed the respondent to file an answer or motion in response to Vasquez's § 2255 Motion on or before May 15, 2014. On March 21, 2014, the respondent filed the Motion To Dismiss (Civ. docket no. 4) now before me, asserting that Vasquez's § 2255 Motion is untimely. The respondent argues that Vasquez's § 2255 Motion was filed approximately four years after the statute of

limitations period for such a motion had expired on April 21, 2010. The respondent also argues that Vasquez has not alleged any circumstances that would justify "equitable tolling" of his deadline to file his § 2255 Motion. Specifically, the respondent argues that Vasquez has not explained why he filed nothing between April 22, 2009, and October 2009, prior to his placement in the SHU, or why he waited so long after being released from the SHU in December 2010 to file his § 2255 Motion. Consequently, the respondent argues that Vasquez is not entitled to "equitable tolling" of his deadline to file his § 2255 Motion and that his § 2255 Motion should be dismissed as untimely.

By Order (Civ. docket no. 5), filed March 21, 2014, I directed the Clerk of Court to appoint counsel to represent Vasquez in this matter; directed Vasquez to file, with the aid of counsel, a response to the respondent's Motion To Dismiss on or before April 23, 2014; and directed the respondent to file any reply on or before May 10, 2014. After an extension of time, Vasquez's counsel filed a Resistance To Motion To Dismiss (Civ. docket no. 10) on May 14, 2014. In his Resistance, Vasquez's counsel argues that Vasquez's extended stay in the SHU—whether from October 2009 until December 2010, as the respondent contends and Vasquez alleged at one point in his § 2255 Motion, or until August 17, 2012, as Vasquez elsewhere alleged in support of his § 2255 Motion— allowed him no access to anyone who could help him file a § 2255 motion. He argues that Vasquez was unable to file his § 2255 Motion without assistance of a bilingual person, because he is not fluent in English. He also argues that, after Vasquez's release from the SHU, Vasquez could not find another inmate to help him file his § 2255 Motion, either at the facility where he was first imprisoned or at a different facility to which he was transferred, until 2014. He also argues that Vasquez filed his § 2255 Motion within "a few days" of obtaining the needed assistance. Vasquez's counsel requests that, at the very least, I hold an evidentiary hearing on Vasquez's "equitable tolling" claim, as well as on the merits of his claim for § 2255 relief. The respondent filed a Reply (Civ. docket

no. 11) in further support of its Motion To Dismiss on May 16, 2014. In its Reply, the respondent argues that Vasquez's stay in the SHU does not excuse the untimeliness of his § 2255 Motion, because Vasquez still has not accounted for his failure to file his § 2255 Motion in the five months before he was sent to the SHU. The respondent also argues that Vasquez has provided inadequate documentation of precisely what periods he was in the SHU and no evidence demonstrating that his placement in the SHU prevented him from having access to a law library or other resources needed to file his § 2255 Motion. Thus, the respondent argues, "equitable tolling" does not excuse the untimeliness of Vasquez's § 2255 Motion.

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure, *see, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir.), *cert. denied*, 540 U.S. 1018 (2003), including Rule 12(b), which provides for a pre-answer motion to dismiss on various grounds. In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a one-year "period of limitation" and a "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, the "limitation period" is subject to "equitable tolling." 173 F.3d at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for "failure to state a claim upon which relief can be granted," rather than pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction.

Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard,[2] various federal Circuit Courts of

---

[2] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading

4

Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for Vasquez's § 2255 Motion, as to timeliness of that Motion, that is the proper basis for the respondent's Motion To Dismiss in this case,

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6), I may consider the docket and documents filed in the underlying criminal case, from which Vasquez seeks § 2255 relief, because they are "'incorporated by reference or integral to [his]

---

standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because they are "'necessarily embraced by the pleadings.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

As amended by the AEDPA, 28 U.S.C. § 2255(f) provides as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> **(1)** the date on which the judgment of conviction becomes final;
>>
>> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)).

Vasquez does not contend that his § 2255 Motion is timely under any provision of § 2255(f). Vasquez's § 2255 Motion was not filed within one year after his conviction

6

and sentence became final on April 21, 2009, when he did not file a petition for writ of certiorari to the United States Supreme Court, and he does not rely on any other statutory "trigger" for the running of the limitations period. Rather, he asserts that "equitable tolling" should excuse the untimeliness of his § 2255 Motion, even though it was filed almost four years too late. The respondent contends that there is no basis for "equitable tolling" in this case and that Vasquez's § 2255 Motion must be dismissed as untimely.

The Eighth Circuit Court of Appeals recently summarized the requirements for "equitable tolling" of the "limitations period" in § 2255(f) for a § 2255 motion, as follows:

> The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions). We review this claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad*, 735 F.3d at 815.

Vasquez argues that his lack of fluency in English and his extended stay in the SHU constitute the required "extraordinary circumstances" that "stood in his way and prevented timely filing" of his § 2255 Motion. *Id*. (internal quotation marks and citations omitted). However, in *Muhammad*, the Eighth Circuit Court of Appeals rejected a federal prisoner's contention that his confinement in the SHU for approximately five months constituted "extraordinary circumstances" for purposes of "equitable tolling." *Id*. Specifically, the court explained,

> As part of [Muhammad's] detention [in the SHU], [Muhammad] was not permitted to visit the prison's law

> library and did not have access to his personal, legal materials. While we do not foreclose the possibility that another movant might be able to show how the conditions of his confinement constitute an extraordinary circumstance warranting the application of equitable tolling, Muhammad fails to demonstrate how his five months of special confinement prevented him from meeting the one-year statute of limitations. He acknowledges that he was able to send letters during this confinement which suggests he had access to paper and writing implements. He does not claim that he was prohibited from contacting the court or was denied any mail sent from the court. Although he claims that he was not allowed access to the prison's law library during this special confinement, we have recognized that equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). Accordingly, we agree with the district court that Muhammad's five-month confinement in the Special Housing Unit does not constitute an extraordinary circumstance warranting the application of equitable tolling.

*Muhammad*, 735 F.3d at 815.

Here, like the prisoner in *Muhammad*, Vasquez does not claim that he was *prohibited* from contacting the court or was denied any mail sent from the court. *Id*. Instead, in his *pro se* Incorporated Memorandum Of Law (Civ. docket no. 2-1), supporting his § 2255 Motion, to which he directs the court for "more detail" concerning his claim of "equitable tolling" in his § 2255 Motion (Civ. docket no. 2) at 4, Vasquez alleges the following:

> Around the time from which Mr. Vasquez['s] § 2255 [Motion] was due, he was confined in the SHU (Special Housing Unit), without any legal expertise nor access to his actual legal work. Mr. Vasquez did not get released from the SHU until August 17, 2012, approximately two years, two months and twenty-seven days past his due date which his § 2255 [Motion] should have been filed.

8

Incorporated Memorandum Of Law at 3. He argues that "SHU records . . . support his position showing the Court that it was indeed impossible for him to timely file his § 2255 motion and equitabl[y] toll the running of the limitations period." *Id*. at 4. These allegations, however, fail to demonstrate how his period of special confinement prevented him from meeting the one-year statute of limitations. *Muhammad*, 735 F.3d at 815. Because Vasquez does not allege that he was *prohibited* from contacting the court and denied any mail sent from the court, and lack of access to a prison's law library during special confinement does not constitute an "extraordinary circumstance" justifying "equitable tolling," *see id.* (citing *Kreutzer*, 231 F.3d at 463), Vasquez's confinement in the SHU does not excuse the untimeliness of his § 2255 Motion.

Nor does Vasquez's purported lack of fluency in English constitute the required "extraordinary circumstance." The Eighth Circuit Court of Appeals has rejected such a contention, albeit in an unpublished per curiam decision, but one that relied on a published decision of the Sixth Circuit Court of Appeals as rejecting equitable tolling where the petitioner allegedly lacked proficiency in English, but had submitted court filings in readable English. *See Mendoza v. Minnesota*, 100 F. App'x 587, 588 (8th Cir. 2004) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)). Notwithstanding Vasquez's allegations that he could not formulate his § 2255 Motion in English without assistance, which he alleges he could not obtain until a few days before he actually filed his § 2255 Motion, Vasquez submitted correspondence and filings in readable English to this court months before he filed his § 2255 Motion. *See Pro Se* Correspondence From Defendant, dated September 3, 2013 (Crim. docket no. 195); *Pro Se* Correspondence From Defendant, dated October 20, 2013 (Crim. docket no. 196); *Pro Se* Motion For Relief From Final Judgment Pursuant To Fed. R. Crim.P. 60(b)(6) (Crim. docket no. 197); *Pro Se* Correspondence From Defendant, dated October 20, 2013, but post-marked January 24, 2014 (Crim. docket no. 199).

Thus, Vasquez's "equitable tolling" claim fails on the "extraordinary circumstances" prong of the analysis. *See Muhammad*, 735 F.3d at 815.

In addition, or in the alternative, Vasquez's "equitable tolling" claim fails on the "diligence" prong of the analysis. *Id.* The Eighth Circuit Court of Appeals has explained, "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Id.* at 816 (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010), with internal citations and quotation marks omitted). I have previously held that a prisoner does not necessarily have to act "immediately" to file a § 2255 Motion, after becoming aware that his counsel had not taken appropriate action or that the § 2255(f) deadline was imminent or had passed. *See Koons v. United States*, ___ F. Supp. 2d ___, 2014 WL 357734, *7 (N.D. Iowa Jan. 31, 2014). Even so, "reasonable diligence" requires a prisoner *to do something more* than watch the statute of limitations run out, where the record would show to a duly diligent person that the statute of limitations was running. *Cf. Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 (8th Cir. 2008) (finding that the prisoner had not acted diligently, where he waited an entire year before he even tried to contact his attorney about his appeal, and the lack of any notice of appeal was a matter of public record, which a duly diligent person in the prisoner's position could have discovered).

Here, nothing in the record suggests that the grounds for Vasquez's "ineffective assistance of counsel" claim for § 2255 relief were unknown or unknowable to him long before his deadline to file his § 2255 Motion expired, for example, within the first five months of his imprisonment, before he was sent to the SHU and purportedly prevented from using the prison library or seeking assistance. *Compare United States v. Martin*, 408 F.3d 1089, 1091-92 (8th Cir. 2005) (concluding that a prisoner had acted diligently, even though he did not file his § 2255 motion until almost five months after his deadline, where his attorney had told him that there was no deadline). Moreover, notwithstanding

Vasquez's contentions that he could not file his § 2255 Motion until he found someone to assist him and that he did file his § 2255 Motion within "days" of finding such a person, the record shows that Vasquez was able to communicate effectively with the court for at least several months before he finally filed his § 2255 Motion. I conclude that Vasquez was not "diligent," as required to take advantage of "equitable tolling." *Muhammad*, 735 F.3d at 815-16.

Finally, I conclude that Vasquez has failed to make a substantial showing that the untimeliness of his § 2255 Motion is debatable among reasonable jurists, that a court could resolve this issue differently, or that this question deserves further proceedings. Consequently, a certificate of appealability is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE,

1. The respondent's March 21, 2014, Motion To Dismiss (Civ. docket no. 4) is **granted**;

2. This action is **dismissed with prejudice** as untimely under 28 U.S.C. § 2255(f);

3. Judgment shall issue accordingly; and

4. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 27th day of May, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

11